UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| JOSEPH CARPENTER, <br><br> Plaintiff, <br><br> vs. <br><br> KELLIE WASKO,[1] Former Secretary of Corrections at SD State Penitentiary, individual capacity; NICK LAMB, Secretary of Corrections, official capacity; AMBER PIRAGLIA,[2] Former Acting Warden at SD State Penitentiary, individual capacity; TABATHA BENTING, Warden, South Dakota State Penitentiary and Jameson Annex, official capacity; ZEKE LENTSCH, Captain at SD State Penitentiary, individual and official capacity; TROY ELLIS, Captain at SD State Penitentiary, individual and official capacity; JAROD HETTICH, Captain at SD State Penitentiary, individual and official capacity; JAKE BOTEL, Lieutenant at SD State Penitentiary, individual and official capacity; RICK JOHNSTON, Associate Warden at SD State Penitentiary, individual and official capacity; PATRICK MACKEY, Correctional Officer at SD State Penitentiary, individual and official capacity, <br><br> Defendants. | 4:26-CV-04026-RAL <br><br> OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING |

[1] Kellie Wasko is no longer the Secretary of Corrections. In accordance with Federal Rule of Civil Procedure 25(d), Nick Lamb, Wasko's successor as the Secretary of Corrections, is substituted for Wasko on the official capacity claims.

[2] The Court notes that the correct spelling of this defendant's name is Amber Pirraglia. Additionally, Tabatha Benting, the current acting warden at the South Dakota State Penitentiary and Jameson Annex, is substituted for Pirraglia on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d).

Plaintiff Joseph Carpenter, currently incarcerated at the South Dakota State Penitentiary, filed a pro se prisoner civil rights lawsuit under 42 U.S.C. § 1983. Doc. 1. Carpenter filed a motion for leave to proceed in forma pauperis and provided his prisoner trust account report, Docs. 2, 3, as well as a motion to waive filing and service fees, Doc. 4, and a motion to appoint counsel, Doc. 9. Additionally, Carpenter filed a motion to compel defendants to produce video footage and a motion to subpoena a witness. Docs. 5, 6.

## I.       Motion for Leave to Proceed In Forma Pauperis

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). The Court may accept partial payment of the initial filing fee where appropriate. Therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson v. Norris, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of:

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Carpenter reports an average monthly balance and average monthly deposits of $0.00. Doc. 3 at 1. Based on this account information, the Court grants Carpenter's motion for leave to proceed in forma pauperis, Doc. 2, and waives his initial partial filing fee because the initial partial filing fee would be greater than his current balance. See 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner

2

be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

To pay his filing fee, Carpenter must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Id. The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Carpenter's institution. Carpenter remains responsible for the entire filing fee, as long as he is a prisoner. See In re Tyler, 110 F.3d 528, 529–30 (8th Cir. 1997).

Carpenter also filed a motion to waive filing and service fees. Doc. 4. In his motion to waive filing and service fees, Carpenter states that he is "an indigent prisoner and [has] absolutely no money on [his] books and [has] no way to pay for this lawsuit whatsoever." Id. He states that he has "maintained a zero dollar balance for 6+ months and [has] not had any income at all." Id. But, as stated above, the PLRA provides that a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee[,]" 28 U.S.C. § 1915(b)(1), and therefore, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." Henderson, 129 F.3d at 483 (citation omitted). Because Carpenter is a prisoner proceeding in forma pauperis, he is required to pay the full filing fee under the PLRA, though he

may do so in installments, as discussed above. Additionally, because he is proceeding in forma pauperis, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases." 28 U.S.C. § 1915(d). Therefore, he need not arrange for his own service. Thus, Carpenter's motion to waive filing and services fees, Doc. 4, is granted to that extent.

## II.    1915A Screening

### A.    Factual Background as Alleged by Carpenter

The events giving rise to the current action occurred at the South Dakota State Penitentiary (SDSP). Doc. 1 at 1. On June 13, 2025, Patrick Mackey, a Correctional Officer at SDSP, was working in the Upper East Hill Special Housing Unit (SHU) "when he deliberately and maliciously kicked [Carpenter's] left wrist and hand while it was outside of the cuff-port, breaking [his] left-handed pinkie finger." Id. at 5. An "[i]nformational was received on this [incident]," and the "Office of the Inspector General took photos for documentation[.]" Id.; see also Doc. 1-1 at 2, 5, 8, 10. Carpenter filed grievances regarding this incident, which he attaches to his complaint. Doc. 1 at 5; Doc. 1-1 at 3, 4, 8, 10.

Carpenter sues Kellie Wasko, the former Secretary of Corrections; Amber Pirraglia, the former acting Warden at SDSP; Zeke Lentsch, Captain at SDSP; Troy Ellis, Captain at SDSP; Jarrod Hettich, Captain at SDSP; Jake Botel, Lieutenant at SDSP; Rick Johnston, Associate Warden at SDSP; and Patrick Mackey, a Correctional Officer at SDSP, in both their individual and official capacities. Doc. 1 at 2–3. As relief, Carpenter requests monetary damages, stating that he "would like to be paid for the damages that occurred on June 13th 2025; [he] would like to be compensated for counseling services for the psychological damages done to [him.]" Id. at 9. He also requests that "the officers and staff involved" be terminated. Id.

### B.    Legal Standard

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A.  Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995).  Pro se civil rights complaints must be liberally construed.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004).  Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions."  Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam).  Civil rights complaints cannot be merely conclusory.  Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted).  If it does not contain these bare essentials, dismissal is appropriate.  Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).  Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]"  Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)).  Under 28 U.S.C. § 1915A, the Court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  This Court will now assess Carpenter's claims under 28 U.S.C. § 1915A.

5

C.      **Legal Analysis**

1.       **§ 1983 Claims**

a.        **Individual and Official Capacity Claims for Injunctive Relief**

Carpenter sues defendants in both their individual and official capacities for injunctive relief. Doc. 1 at 2–3, 9. The only injunctive relief Carpenter seeks is that he "would like to see the officers and staff involved terminated." Id. at 9. In an action under 42 U.S.C. § 1983, this Court does not have authority to direct that any employee be terminated. Johnson v. MCF – St. Cloud, No. 22-CV-1299 (JRT/BRT), 2022 WL 17723807, at *6 (D. Minn. Nov. 10, 2022) ("Courts do not have authority to terminate the employment of individual Defendants."), report and recommendation adopted by 2022 WL 17721510 (D. Minn. Dec. 15, 2022); Npimnee v. Andrews, No. 8:23CV102, 2024 WL 3495801, at *3 (D. Neb. July 22, 2024) (recognizing that the Court "lacks authority" to terminate a defendant employed at the Nebraska Department of Correctional Services). Therefore, Carpenter's request for injunctive relief against Wasko (in her individual capacity only), Lamb (in his official capacity only), Pirraglia (in her individual capacity only), Benting (in her official capacity only), and Lentsch, Ellis, Hettich, Botel, Johnston, and Mackey in their individual and official capacities is dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1).

b.        **Official Capacity Claims for Monetary Damages**

Carpenter sues all defendants in their official capacities and seeks monetary relief. Doc. 1 at 2–3, 9. As employees of the South Dakota Department of Corrections, all defendants (Lamb, Benting,[3] Lentsch, Ellis, Hettich, Botel, Johnston, and Mackey) are employees of the State of

---

[3] As stated above, Lamb and Benting are substituted for Wasko and Pirraglia, respectively, on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d).

South Dakota.  Id. at 2–3.  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989) (citing Brandon v. Holt, 469 U.S. 464, 471 (1985)).  Thus, Carpenter's official capacity claims against defendants are construed as claims against the State of South Dakota.  Id.  While "[§] 1983 provides a federal forum to remedy many deprivations of civil liberties, . . . it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."  Id. at 66.

The Eleventh Amendment generally acts as a bar to suits against a state for money damages unless the state has waived its sovereign immunity.  Id.  The State of South Dakota has not waived its sovereign immunity.  Thus, Carpenter's claims against Lamb, Benting, Lentsch, Ellis, Hettich, Botel, Johnston, and Mackey in their official capacities for money damages are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2).

### c.    Individual Capacity Claims for Monetary Relief

Because claims against defendants in their individual and official capacities for injunctive relief, as well as claims against defendants in their official capacities for monetary relief, have been dismissed, the only remaining claims are against defendants in their individual capacities for monetary damages.  "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).

> Thus, each Government official . . . is only liable for his or her own misconduct. As we have held, a supervising officer can be liable for an inferior officer's constitutional violation only if he directly participated in the constitutional violation, or if his failure to train or supervise the offending actor caused the deprivation.

Parrish v. Ball, 594 F.3d 993, 1001 (8th Cir. 2010) (citation modified). Carpenter's individual capacity claims must allege that each individual defendant either directly participated in the unconstitutional conduct or caused the conduct to occur through a failure to train or supervise the offending actor. See id.

### d.    Claim Against Mackey

Carpenter alleges a Fourth Amendment excessive force claim against Mackey based on the June 13, 2025 incident where Carpenter alleges Mackey assaulted him. Doc. 1 at 6. While the Fourth, Eighth, and Fourteenth Amendments each protect against the use of excessive force, which constitutional standard to apply "depend[s] upon whether the victim is an arrestee, a pretrial detainee, or a convicted inmate of a penal institution." Andrews v. Neer, 253 F.3d 1052, 1060 (8th Cir. 2001). "Citizen claims that a police officer used excessive force in the course of making an arrest, investigatory stop, or other seizure of his person are properly analyzed under the Fourth Amendment's objective reasonableness standard[,]" Westwater v. Church, 60 F.4th 1124, 1128 (8th Cir. 2023) (citation modified), while the Eighth Amendment applies to prisoners, and the Fourteenth Amendment to pretrial detainees, Andrews, 253 F.3d at 1060–61. Here, Carpenter alleges that the assault occurred at the South Dakota State Penitentiary, Doc. 1 at 1, and he does not allege that he was a pretrial detainee at the time the alleged assault occurred, see generally id. Therefore, Carpenter's excessive force claim is most appropriately evaluated under the Eighth Amendment.

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from the "unnecessary and wanton infliction of pain." Hudson v. McMillian, 503 U.S. 1, 5 (1992) (quoting Whitley v. Albers, 475 U.S. 312, 319 (1986)). In considering an Eighth Amendment claim for excessive force, the "'core judicial inquiry' is whether the accused officers applied force

8

'in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" Peterson v. Heinen, 89 F.4th 628, 635 (8th Cir. 2023) (quoting Hudson, 503 U.S. at 7). To determine whether force was reasonable and applied in good faith, courts consider "the need for application of force, the relationship between that need and the amount of force used, the threat 'reasonably perceived by the responsible officials,' and 'any efforts made to temper the severity of a forceful response.'" Id. (quoting Hudson, 503 U.S. at 7).

Here, Carpenter alleges facts sufficient to state an Eighth Amendment claim for excessive force against Mackey. Carpenter alleges that Mackey "deliberately and maliciously kicked [his] left wrist and hand while it was outside of the cuff-port, breaking [his] left-handed pinkie finger." Doc. 1 at 5. This Court cannot determine at this stage whether Mackey's uses of force, as alleged by Carpenter, constituted a "good-faith effort to maintain or restore discipline[.]" Wilkins v. Gaddy, 559 U.S. 34, 37 (2010) (quoting Hudson, 503 U.S. at 7). Thus, Carpenter's Eighth Amendment excessive force claim against Mackey in his individual capacity for monetary damages survives § 1915A screening.

### e. Claims Against Supervisory Defendants

#### i. Excessive Force Claim

Carpenter alleges an Eighth Amendment excessive force claim against Wasko, Pirraglia, Lentsch, Ellis, Hettich, Botel, and Johnston ("supervisory defendants") arising out of the June 13, 2025 incident involving Mackey and based on their failure to train or supervise. Doc. 1 at 7. When a supervisor's liability is premised on the supervisor's failure to train or supervise, as opposed to direct participation, the plaintiff must show that the supervisor "(1) received notice of a pattern of unconstitutional acts committed by a subordinate, and (2) was deliberately indifferent to or authorized those acts.'" Davis v. Buchanan Cnty., 11 F.4th 604, 624 (8th Cir. 2021) (quoting S.M.

9

v. Krigbaum, 808 F.3d 335, 340 (8th Cir. 2015)). "Allegations of generalized notice are insufficient[,]" Krigbaum, 808 F.3d at 340, and a supervisor's "mere negligence in failing to detect and prevent a subordinate's conduct is not enough for liability under Section 1983[,]" Ripson v. Alles, 21 F.3d 805, 809 (8th Cir. 1994) (citation omitted).

Here, Carpenter's only statement of the supervisory defendants' involvement is that they "failed to train and/or hold Mackey accountable for his actions and threatened to do it again whenever they wanted to." Doc. 1 at 7. Besides this conclusory statement, Carpenter does not provide facts suggesting that the supervisory defendants received notice of a pattern of unconstitutional acts or that they demonstrated deliberate indifference. See generally id. Instead, Carpenter only provides the single incident occurring on June 13, 2025, as support for his claim based on failure to train or supervise. Id. at 7. A "single incident, or a series of isolated incidents, is usually insufficient to infer a pattern." Davis, 11 F.4th at 624 (quoting Brewington v. Keener, 902 F.3d 796, 803 (8th Cir. 2018)). Even with a liberal construction of his complaint, Carpenter's conclusory allegations are not enough to state a cognizable claim. "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do[,]" and a complaint does not suffice "if it tenders naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation modified). Therefore, Carpenter's Eighth Amendment excessive force claim based on a failure to train or supervise against Wasko, Pirraglia, Lentsch, Ellis, Hettich, Botel, and Johnston in their individual capacities for monetary damages is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1).

### ii.    First Amendment Retaliation Claim

Carpenter alleges that "[a]fter the assault on June 13, 2025 [he] was placed into Administrative Segregation and denied religious activities, work opportunities, and the ability to gain [Earned Discharge Credits.]" Doc. 1 at 8. This statement could be liberally construed as a First Amendment retaliation claim against Wasko, Pirraglia, Lentsch, Ellis, Hettich, Botel, and Johnston in their individual capacities for monetary damages. To state a First Amendment retaliation claim, Carpenter must first show that he engaged in a protected First Amendment activity. Aldridge v. City of St. Louis, 75 F.4th 895, 898 (8th Cir. 2023) (citing Molina v. City of St. Louis, 59 F.4th 334, 338 (8th Cir. 2023)). Carpenter must then point to "an adverse action that would chill a person of ordinary firmness from continuing in the protected activity." Id. at 899 (citation modified). Lastly, Carpenter must show that the adverse action was "a 'but-for cause' of the injury [suffered.]" Beard v. Falkenrath, 97 F.4th 1109, 1119 (8th Cir. 2024) (alteration in original) (quoting Nieves v. Bartlett, 587 U.S. 391, 399 (2019)). "It is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured—the motive must cause the injury." Nieves, 587 U.S. at 398 (emphasis in original). Here, Carpenter does not allege that he engaged in a protected activity, or that he was retaliated against as a result of engaging in that protected activity. See generally Doc. 1. Therefore, to the extent Carpenter intended to allege a First Amendment retaliation claim against Wasko, Pirraglia, Lentsch, Ellis, Hettich, Botel, and Johnston in their individual capacities for monetary damages, this claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

11

### 2.   Remaining Claims

In Count III of his complaint, Carpenter alleges claims under the "Rehabilitation Act of 1973 § 2[,] Title VII – South Dakota[, and] Civil Rights Act of 1964[.]" Doc. 1 at 8. Carpenter claims that "[a]fter the assault on June 13, 2025 [he] was placed into Administrative Segregation and denied religious activities, work opportunities, and the ability to gain EDCs (Earned Discharge Credits. These have been denied and retaliated against [himself] by all of the remaining defendants other than Officer Mackey." Id. Liberally construing his complaint, Carpenter is alleging claims under § 504 of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and SDCL § 20-13-10, against all defendants except Mackey. Id.; see also Petersen v. ProxyMed, Inc., 617 F. Supp. 2d 835, 845–46 (D.S.D. 2008) (recognizing that "[t]he South Dakota Supreme Court, in interpreting SDCL 20-13-10, has noted that the statute is 'comparable to the corresponding provision in Title VII' and has interpreted the statute in accordance with federal case law construing Title VII." (citation omitted)).

But Carpenter fails to explain what each defendant did to violate his rights under these statutes. "A complaint which lumps all defendants together and does not sufficiently allege who did what to whom, fails to state a claim for relief because it does not provide fair notice of the grounds for the claims made against a particular defendant." Tatone v. SunTrust Mortg., Inc., 857 F. Supp. 2d 821, 831 (D. Minn. 2012). Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). This Court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id.

Further, although Carpenter cites to a variety of laws, he does not explain how the laws apply to his situation or what actions each defendant allegedly took in violation of the laws. Simply

12

referencing a variety of laws without describing their application does not state a claim upon which relief may be granted. Nonetheless, this Court has reviewed each statute in light of the factual allegations in Carpenter's complaint and can discern no viable claim under any of the cited statutes. For instance, regarding his claims under § 504 of the Rehabilitation Act, Carpenter makes no allegations that he is a qualified individual with a disability, or that he was discriminated against based on a disability. See generally Doc. 1; see also Turner v. Mull, 784 F.3d 485, 494 (8th Cir. 2015) (a plaintiff alleging a discrimination claim under the Rehabilitation Act must show that: "(1) he is a qualified individual with a disability; (2) he was denied the benefits of a program or activity of a public entity which receives federal funds, and (3) he was discriminated against based on his disability." (citation omitted)); Yelder v. Hegseth, 151 F.4th 943, 953 (8th Cir. 2025) (defining a disability for purposes of the Rehabilitation Act as "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." (citations omitted)). Further, "[t]o establish unlawful retaliation under § 504 of the Rehabilitation Act, [a plaintiff] must show that (1) he 'engaged in protected activity, (2) he was subjected to an "adverse action," and (3) "a causal connection [exists] between the activity and the [adverse] action." Turner, 784 F.3d at 493. Here, Carpenter makes no allegations that he engaged in a protected activity, such as making a good faith request for an accommodation. See Donnell v. Rockwood Sch. Dist., 670 F. Supp. 3d 883, 895 (E.D. Mo. 2023) (citation omitted).

As for Carpenter's Title VII claims, "Title VII 'prevents employers from retaliating against employees who have acted to vindicate their statutorily protected rights by reporting harassment or discrimination in the workplace.'" Warren v. Kemp, 79 F.4th 967, 972 (8th Cir. 2023) (quoting Brannum v. Mo. Dep't of Corrs., 518 F.3d 542, 547 (8th Cir. 2008); see also 42 U.S.C. § 2000e-

3(a). "That is, while Title VII covers the conduct of employers, it does not impose individual liability." Cobbs v. IWG/Regus Mgmt. Grp., LLC, No. 4:25-CV-01711-JSD, 2026 WL 817384, at *3 (E.D. Mo. Mar. 25, 2026); see also Spencer v. Ripley Cnty. State Bank, 123 F.3d 690, 691 (8th Cir. 1997) (per curiam) ("individual employees are not personally liable under Title VII."). Here, Carpenter only sues individual defendants who are not amenable to suit under Title VII. Carpenter's claims under SDCL § 20-13-10 fail as well because "South Dakota courts examine claims under SDCL § 20-13-10 under a standard identical to that applied to Title VII claims[.]" Axness v. Aqreva LLC, 118 F. Supp. 3d 1144, 1157 (D.S.D. 2015).

Therefore, Carpenter's claims under § 504 of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and SDCL § 20-13-10, against Wasko, Lamb, Pirraglia, Benting, Lentsch, Ellis, Hettich, Botel, and Johnston are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

## III.    Motion to Appoint Counsel

Carpenter has also filed a motion to appoint counsel. Doc. 9. "A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case." Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998). In determining whether to appoint counsel to a pro se litigant, this Court considers the complexity of the case, the ability of the litigant to investigate the facts, the existence of conflicting testimony, and the litigant's ability to present his claims. Id. Currently, Carpenter's claims do not appear to be complex, and he is able to investigate the facts and present his claims adequately. This Court believes that Carpenter is capable of pursuing his claims pro se at this phase of litigation, and his motion to appoint counsel, Doc. 9, is denied at this time.

## IV.    Remaining Motions (Docs. 5, 6)

Carpenter has filed a motion to compel defendants to produce video footage from the June 13, 2025 incident, Doc. 5, as well as a motion to subpoena a witness, Doc. 6. This matter is in its preliminary stages and defendants have not yet been served. Carpenter's discovery motions, Docs. 5 and 6, are premature and denied without prejudice to refiling after defendant Mackey is served.

## V.    Conclusion

Accordingly, it is

ORDERED that Nick Lamb, Wasko's successor as the Secretary of Corrections, is substituted for Kellie Wasko on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d). It is further

ORDERED that Tabatha Benting, the current acting warden at the South Dakota State Penitentiary and Jameson Annex, is substituted for Amber Pirraglia on the official capacity claims in accordance with Federal Rule of Civil Procedure 25(d). It is further

ORDERED that Carpenter's motion for leave to proceed in forma pauperis, Doc. 2, is granted. It is further

ORDERED that Carpenter's motion to waive filing and service fees, Doc. 4, is granted in part and denied in part. It is further

ORDERED that the Clerk of Court shall send a copy of this order to the appropriate financial official at Carpenter's institution. It is further

ORDERED that the institution having custody of Carpenter is directed that whenever the amount in Carpenter's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month

to Carpenter's trust account shall be forwarded to the U.S. District Court Clerk's Office under 28 U.S.C. § 1915(b)(1) until the $350 filing fee is paid in full. It is further

ORDERED that Carpenter's request for injunctive relief against Wasko (in her individual capacity only), Lamb (in his official capacity only), Pirraglia (in her individual capacity only), Benting (in her official capacity only), and Lentsch, Ellis, Hettich, Botel, Johnston, and Mackey in their individual and official capacities is dismissed without prejudice for failure to state a claim upon which relief can be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1). It is further

ORDERED that Carpenter's claims against Lamb, Benting, Lentsch, Ellis, Hettich, Botel, Johnston, and Mackey in their official capacities for money damages are dismissed with prejudice under 28 U.S.C. §§ 1915(e)(2)(b)(iii) and 1915A(b)(2). It is further

ORDERED that Carpenter's Eighth Amendment excessive force claim against Mackey in his individual capacity for monetary damages survives § 1915A screening. It is further

ORDERED that Carpenter's Eighth Amendment excessive force claim based on a failure to train or supervise against Wasko, Pirraglia, Lentsch, Ellis, Hettich, Botel, and Johnston in their individual capacities for monetary damages is dismissed for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915(A)(b)(1). It is further

ORDERED that Carpenter's First Amendment retaliation claim against Wasko, Pirraglia, Lentsch, Ellis, Hettich, Botel, and Johnston in their individual capacities for monetary damages is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Carpenter's claims under § 504 of the Rehabilitation Act, Title VII of the Civil Rights Act of 1964, and SDCL § 20-13-10, against Wasko, Lamb, Pirraglia, Benting,

16

Lentsch, Ellis, Hettich, Botel, and Johnston are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). It is further

ORDERED that Carpenter's motion to appoint counsel, Doc. 9, is denied at this time. It is further

ORDERED that Carpenter's motion to compel defendants to produce video footage, Doc. 5, is denied without prejudice. It is further

ORDERED that Carpenter's motion to subpoena a witness, Doc. 6, is denied without prejudice. It is further

ORDERED that the Clerk shall send one blank summons form and Marshal Service Form (Form USM-285) to Carpenter so that he may cause the complaint to be served upon the Mackey. It is further

ORDERED that Carpenter shall complete and send the Clerk of Courts summons and USM-285 form for the defendant. Upon receipt of the completed summons and USM-285 form, the Clerk of Court will issue the summons. If the completed summons and USM-285 form are not submitted as directed within 30 days of the date of this order, the action may be dismissed for failure to prosecute. It is further

ORDERED that the United States Marshals Service shall serve the completed summons, together with a copy of the complaint, Doc. 1, and this order, upon the defendant. It is further

ORDERED that the defendant will serve and file an answer or responsive pleading to the amended complaints and supplement on or before 21 days following the date of service or 60 days if the defendant falls under Fed. R. Civ. P. 12(a)(2) or (3). It is finally

ORDERED that Carpenter will keep the Court informed of his current address at all times. All parties are bound by the Federal Rules of Civil Procedure and by the Court's Local Rules while this case is pending.

DATED August _12th_, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE